

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# Govt of VI v. Joseph

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Govt of VI v. Joseph" (2006). *2006 Decisions*. Paper 1754.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1754

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-3086

GOVERNMENT OF THE VIRGIN ISLANDS,

Appellant

v.

FELIX JOSEPH

Appeal from the District Court
for the Virgin Islands, Appellate Division,
Division of St. Thomas-St. John
(D. C. Crim. No. 02-127-1)

Submitted pursuant to Third Circuit LAR 34.1(a)
December 8, 2005

Before: SCIRICA, Chief Judge, McKEE, Circuit Judge,
and NYGAARD, Senior Circuit Judge

(Opinion Filed: January 12, 2006)

OPINION

McKEE, Circuit Judge.

Felix Joseph was convicted in the Territorial Court of the Virgin Islands of

unlawful sexual contact with a minor in violation of 14 V.I.C. § 1708(2). The Appellate

Division of the District Court of the Virgin Islands vacated that conviction and remanded

the case to the trial court after holding that the trial court abused its discretion by refusing

to order the ten-year old victim to undergo a psychiatric evaluation. For the reasons that

1

follow, we will reverse the decision of the Appellate Division.

**I.**

Since we write primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background except insofar as may be helpful to our brief discussion.[1]

Federal Rule of Evidence 601 presumes competency of a witness to testify. Fed.R.Evid. 601. In the courts of the Virgin Islands, a witness is disqualified as incompetent if she is unable to express herself or incapable of understanding her duty to tell the truth. 5 V.I.C. § 831. The decision to order psychological testing to determine an individual's competence is "entrusted to the sound discretion of the trial judge in light of the particular facts." *Government of the Virgin Islands v. Scuito*, 623 F.2d 869, 875 (3d Cir. 1980).

Under Virgin Islands' law, a party may request a psychological evaluation of a potential witness to determine competence, but ordering such an evaluation is considered "an extraordinary measure." *Leonard*, 922 F.2d at 1143 ("Certainly the general approach is not to allow the examinations."). Indeed, we have observed that:

> a psychiatric examination may seriously impinge on a
> witness' right to privacy; the trauma that attends the role of

---

[1] A trial court's decision not to order psychiatric evaluation of a potential witness is reviewed for abuse of discretion. *Government of the Virgin Islands v. Leonard*, 922 F.2d 1141, 1143 (3d Cir. 1991). This court reviews the trial court's decision, not that of the Appellate Division, using this standard. *Government of the Virgin Islands v. Albert*, 241 F.3d 344. 347, n.3 (3d Cir. 2001) (citation omitted).

2

> complainant to sex offense charges is sharply increased by the
> indignity of a psychiatric examination; the examination itself
> could serve as a tool of harassment; and the impact of all
> these considerations may well deter the victim of such a crime
> from lodging any complaint at all.

*Scuito*, 623 F.2d at 875.

We have also explained that trial courts "should determine whether there is a 'substantial need' for psychiatric testing in order to aid in the assessment of witness reliability." *Leonard*, 922 F.2d at 1143-44 (quoting extensively from *State v. R.W.*, 514 A.2d 1287, 1291 (1986)). To establish a "substantial need," the party requesting the testing "must present evidence reasonably indicating something peculiar, unique, or abnormal about the young witness that would influence the witness's competence or the court's ability to assess that competence, or raise unusual difficulties in assessing the witness's credibility." *Id.* at 1144. Moreover, "there must be a showing of some deviation from acceptable norms, such as an identifiable or clinical psychiatric or similar disorder, beyond the realm of those human conditions that ordinary experience would confirm as normal." *Id.* at 1143.

Here, the trial court correctly determined that Joseph failed to show a "substantial need" for testing. As in *Leonard*, M.E. was not too young to perceive and recount the events, nor was there any evidence that M.E. suffered from a mental illness. Also similar to *Leonard*, Joseph alleged that M.E. lied so that she would be sent to live with her mother in New York.

Joseph argues that the years of sexual abuse suffered by M.E. at the hands of her

3

father were "clearly not an 'ordinary experience,'" and her "manipulative behavior, severe depression, suicidal thoughts and excessive need for attention identified by professionals who treated her after she was removed from her father's house, were obvious and identifiable 'deviations from acceptable norms.'" Joseph's Br. at 15. However, there are two problems with this argument. First, if we allow allegations such as these to suffice to question a witness's competence and order psychological testing, psychological testing would no longer be the "extraordinary measure" we described in *Leonard. See Leonard*, 922 F.2d at 1143. Rather, such testing would become the norm in the majority of child sexual abuse/incest cases since they frequently involve family members, and the abuse often could have occurred for years before a case goes to trial. *See* http://www.prevent-abuse-now.com/stats.htm#Disclosures; http://www.advocatesforyouth.org/publications/factsheet/fsabuse1.htm ("Abuse typically occurs within a long-term, on-going relationship between the offender and victim, escalates over time and lasts an average of four years.") (last viewed on January 8. 2006).

Second, the reports that Joseph relies upon (and upon which the Appellate Division relied) to describe M.E.'s manipulative, depressed and attention-seeking behavior do not conclude that such behavior represents "deviations from acceptable norms," as Joseph asserts. *See* App. II at 234-240. Nor do the reports even allude to M.E. having difficulty understanding her duty to tell the truth or the fact that children who exhibit the described behavior have any less ability doing so than others. In fact, the reports paint M.E. in a very positive light. They describe her as having a "pleasant

4

demeanor," as being "verbally articulate" with an "obvious capacity for above average intellectual functioning," and as "affectionate and cooperative." App. II at 234, 237 (also stating, "Results of the mental status found [M.E.] to be oriented to time, place and person."). Obviously, the reports discuss the impact that her father's sexual abuse has had on M.E., (i.e., loss of sense of trust, blurring of normal family boundaries, increased sensitivity to others, low self-image, and being suspicious, anxious and fearful), but we do not believe that this affects her competence or her ability to tell the truth. *See id*.

Moreover, the Appellate Division should not even have relied upon these two reports. Joseph admits that neither report was attached to his original request for a psychological evaluation because the reports had not yet been obtained by the defense. Therefore, the trial judge's decision was not based on the contents of those reports. *See Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the [trial] court."). Furthermore, when Joseph tried to introduce the reports into evidence later in the trial, his motion was denied on hearsay grounds. Therefore, the reports were never part of the official record, as Joseph maintains. *See* App. I at 19 (relying on two reports, Appellate Division incorrectly stated, "defense produced information that showed that M.E. deviated from 'acceptable norms.'")

In brief, although Joseph argues that he is challenging M.E.'s competence, he is actually challenging her veracity. However, he had ample opportunity during cross examination to do that. *See* App II at 194-217; *see also United States v. Riley*, 657 F.2d

5

1377, 1387 (8th Cir. 1981) (denial of psychiatric examination did not prejudice defense because victim was cross-examined about behavior problems, drug and alcohol abuse).

## II.

For the above reasons, we will reverse the order of the Appellate Division and remand with instructions to reinstate the conviction.